```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                     5:09CV61-MU-02
```

RODNEY D. SPRUILL,           )
    Plaintiff,            )
                                  )
      v.                      )
                                   )
STEVE BAILEY, Western Re-)
  gional Director of the )
  North Carolina Depart- )
  ment of Corrections;   )
KEITH WHITENER, Admini-  )
  strator of Alexander   )
  Correctional Institu-  )
  tion;                  )
CARLOS HERNANDEZ, Assis- )
  tant Superintendent of )       O R D E R
  Alexander Correctional )
  Institution;           )
(FNU) HALL, Sergeant at  )
  the Alexander Correc-  )
  tional Institution;    )
(FNU) HUGINS, Sergeant at)
  the Alexander Correc-  )
  tional Institution;    )
J. KLAVER, Correctional  )
  Officer at the Alexan- )
  der Correctional Insti-)
  tution; and            )
J. TRAVIS, Correctional  )
  Officer at the Alexan- )
  der Correctional Insti-)
  tution,                )
    Defendants.          )
_____)

      **THIS MATTER** comes before the Court on initial review of

Plaintiff's Complaint brought under 42 U.S.C. § 1983, filed May

8, 2009.

By his Complaint, Plaintiff alleges that on March 11, 2009, he "exchange[d ]words" with Defendant Klaver over their disagreement about Plaintiff's being denied permission to "sanitize [his] cell during clean-up." On the following day, Defendants Klaver and Travis returned to Plaintiff's cell to conduct a search for the purpose of harassing Plaintiff. During the search, Klaver allegedly held Plaintiff in a position with his arms raised behind his head and locked into Klaver's arms. Plaintiff alleges that Klaver, while positioned closely to Plaintiff, made sexual sounds/grunts and rude sexual comments under his breath to Plaintiff.

Plaintiff sent a confidential letter of grievance to Defendant Whitener, asking for a confidential investigation of the matter. However, Defendant Whitener replied that such allegation was not considered either confidential or an emergency; therefore, it would be processed through the prison's normal grievance procedures. To that end, Defendant Hall was assigned to investigate the allegation. Hall allegedly went, along with Klaver and Travis, to interview Plaintiff about the incident. When Plaintiff refused to answer Hall's questions in the presence of Klaver and Travis due to his fear of retaliation and reprisals from them, the interview was terminated. Thereafter, Defendant Hugins allegedly advised Plaintiff that he was assigned to review the

2

investigation; and that due to Plaintiff's refusal to speak with Defendant Hall,he was being charged with having made a false statement against a correctional officer, an "A-18" offense.

Plaintiff further reports that his grievance against Klaver and Travis was dismissed, he ultimately was convicted of the A-18 infraction, and his appeals all were rejected. Consequently, Plaintiff has filed the instant Complaint, alleging that his constitutional rights were violated and, in particular, that he was subjected to retaliation and reprisals for having used his prison's grievance procedures. Plaintiff is seeking thousands of dollars in damages and a transfer to another facility.

While it is far from clear whether Plaintiff will be able to prevail with his demand for damages, he has alleged enough to survive this Court's initial frivolity review. Accordingly, Defendants will be directed to answer Plaintiff's allegations.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Clerk shall prepare and issue process in this matter, and shall deliver the same to the U.S. Marshal.

2. The U.S. Marshal shall serve Defendants with process.

3. Defendants shall respond to Plaintiff's allegations as set forth in his Complaint in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

Signed: June 2, 2009

*/s/ Graham C. Mullen*

Graham C. Mullen
United States District Judge