```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
             STATESVILLE DIVISION
               5:09CV61-MU-02
```

| | |
|---|---|
| RODNEY D. SPRUILL,        )<br>    Plaintiff,         )<br>                          )<br>     v.                   )<br>                          )<br>STEVE BAILEY, et al.,     )<br>    Defendants.          )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on Plaintiff's motion seeking an order transferring him to another prison facility, filed August 7, 2009 (document # 19); and on Defendants' Motion to Dismiss, filed August 28, 2009 (document # 21).

The record of this matter reflects that on May 8, 2009, Plaintiff filed a Complaint essentially alleging that he was charged with an "A-18" prison infraction for making a false statement against a correctional officer. Plaintiff alleges the charge was lodged in retaliation for his having filed a grievance concerning that officer's lewd conduct toward him.

On August 7, 2009, Plaintiff filed a motion seeking an order granting him a transfer to another prison facility in order to protect him from the allegedly retaliatory treatment which he has received. According to Plaintiff, since the time that he filed his case in this Court, the "DOC Administrator of Alexander Corr Inst." and other "correctional staff officers" have threatened,

assaulted and harassed him in retaliation for his filing this action, and in order to scare and discourage him from seeking legal redress for his claims. More specifically, Plaintiff alleges that he has been denied opportunities to bathe, his requests for a transfer to another facility have been refused, his outgoing mail, including his legal mail has been intercepted and read without either his presence or authorization, his food has been tampered with, he has been denied emergency medical treatment, and he has been physically and sexually assaulted during officers' searches of his person or their removal of him from his cell.

Notwithstanding the seriousness of Plaintiff's allegations, this Court is constrained by the fact that an inmate simply has no right to be housed at any particular prison. Meachum v. Fano, 427 U.S. 215 (1976). Therefore, this Court has no authority to order the N.C. Department of Corrections to transfer Plaintiff to another facility.

As to Defendant's Motion to Dismiss, such document contends that Plaintiff filed the instant law suit prior to having exhausted his administrative remedies. Therefore, Defendants claim that they are entitled to a dismissal as a matter of law.

For its part, the Court has reviewed Defendants' Motion and determined that they may be entitled to a dismissal of Plaintiff's Complaint -- albeit, without prejudice -- as a matter of

2

law.

**PLAINTIFF SPRUILL PLEASE READ THIS:**

You now have the opportunity to respond to Defendants' Motion. You may not allege new facts surrounding the events in question as part of your response. You should base your response and argument(s) solely on the matters set forth in your original Complaint and/or those set forth in Defendants' Motion to Dismiss.

You are further advised that you have thirty (30) days from the filing of this Order in which to file your response in opposition to Defendants' Motion. **FAILURE TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO DISMISSAL.**

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That Plaintiff's motion for an order directing his transfer to another prison facility is **DENIED;**

2. That Plaintiff has thirty (30) days from the filing of this Order in which to provide a response to Defendants' Motion to Dismiss; and

3. That the Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**SO ORDERED.**

Signed: September 11, 2009

Graham C. Mullen
United States District Judge