# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:09cv61-RJC

| | |
|---|---|
| RODNEY D. SPRUILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STEVE BAILEY, North Carolina Division ) | |
| of Prisons Western Regional Director; ) | |
| KEITH WHITENER, Administrator, ) | ORDER |
| Alexander Correctional Institution;[1] ) | |
| CARLOS HERNANDEZ, Assistant ) | |
| Superintendent of Custody and Operations, ) | |
| ACI; STEPHANIE HALL, Sergeant, ACI; ) | |
| JOHN KLAVER, Officer, ACI; JAMIE ) | |
| TRAVIS, Officer, ACI; and TIMOTHY ) | |
| HUGINS, Sergeant, ACI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983 (Doc. No. 1), and Defendants' Motion to Dismiss (Doc. No. 21).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who formerly was housed at ACI, alleges that on March 12, 2009, Defendants Klaver and Travis sexually harassed him during a search of his cell. (Doc. No. 1 at 11). Plaintiff further alleges that Defendant Whitener rejected an emergency grievance wherein he requested a confidential investigation of the incident and, instead, directed that the complaint be handled pursuant to ACI's routine grievance process; that Defendant Hall, who was assigned to investigate Plaintiff's allegation, allowed Defendants Klaver and Travis to attend an interview which she attempted to conduct with Plaintiff; that Defendant Hugins charged Plaintiff with a disciplinary

---

[1] Alexander Correctional Institution will be referred to hereinafter as "ACI."

infraction for making false allegations against Defendants Klaver and Travis when Plaintiff refused to talk with Defendant Hall; and that Defendant Bailey rejected his appeal of his conviction for that infraction.² (Id. at 11-13).

As a result of the foregoing, on May 8, 2009, Plaintiff filed this Complaint claiming that his constitutional rights were violated when he was charged with and convicted of a disciplinary infraction in retaliation for using ACI's inmate grievance procedures to complain about an incident of sexual harassment. (Id. at 11). Plaintiff also claims that Defendants' conduct violates various N.C. Division of Prisons policies. (Id. at 13). By way of relief, Plaintiff seeks the termination of Defendants' employment, a transfer to another prison, and tens of thousands of dollars in damages. (Id. at 18).

On August 28, 2009, Defendants filed a combined Motion to Dismiss and Answer. (Doc. No. 21). Defendants first assert that pertinent Prison records establish that on May 8, 2009, when Plaintiff filed the instant Complaint, the Inmate Grievance Board had not yet made its final ruling on Plaintiff's appeal. (Id. at 2). Defendants, therefore, argue that Plaintiff's Complaint is subject to dismissal for his failure to fully exhaust his administrative remedies before filing this action. (Id.).

In addition, Defendants argue that Plaintiff's allegations were thoroughly investigated and found lacking. (Id. at 4). That is, Defendants assert that a videotaped recording of the search of Plaintiff's cell was reviewed and several statements were taken from individuals; and that this evidence failed to show that Defendants Klaver and Travis sexually harassed Plaintiff. (Id.). Defendants further assert that there was no evidence that Defendant Hall was accompanied by

---

² Although Carlos Hernandez is listed by Plaintiff in the Complaint's caption, Plaintiff failed to include any allegations against Assistant Superintendent Hernandez.

2

Defendants Klaver or Travis when she attempted to conduct her interview with Plaintiff. (Id.). Defendants also assert that it was not until several days after the completion of their investigation of Plaintiff's allegations that ACI authorities completed the separate investigation of Plaintiff and recommended that he be charged with a disciplinary offense. (Id. at 4-5). Therefore, Defendants contend that Plaintiff's claims are baseless in any event. (Id. at 5).

On September 11, 2009, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his obligation to respond to Defendants' Motion to Dismiss. (Doc. No. 24). On September 17 and September 30, 2009, Plaintiff filed responses to Defendants' Motion; however, neither response addresses Defendants' arguments that he failed to exhaust his administrative remedies, and that the claims are baseless. (Doc. Nos. 25 and 26). Rather, the first response focuses exclusively on unrelated allegations of deliberate indifference and retaliation that allegedly occurred in August 2009, following Plaintiff's filing of this action. (Doc. No. 25 at 1-3). Similarly, the second response focuses exclusively on unrelated allegations of harassment and retaliation that occurred in July 2009, also after Plaintiff filed this action. (Doc. No. 26 at 2-5).

II. **STANDARD OF REVIEW**

When a motion to dismiss is filed simultaneously with an answer, the motion should be construed as one for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009).[3] Nonetheless, a motion for a judgment on the pleadings is decided using the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Rule 12(b)(6). Id. at 139.

---

[3] Rule 12(c), Federal Rules of Civil Procedure, provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for a judgment on the pleadings."

To withstand such a motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In considering the Complaint, "the Court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385-86 (4th Cir. 2009). Furthermore, the Court may take judicial notice of matters of public record, and may consider documents attached to the Complaint as well as those attached to the de facto motion for judgment on the pleadings, so long as those documents "are integral to the complaint and authentic." Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir. 2009).

### III. DISCUSSION

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, the Supreme Court held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life . . . ." 534 U.S. 516, 532 (2002). In Woodford v. Ngo, the Supreme Court stated that "[p]risoners must exhaust all 'available' remedies, not just those that meet federal standards." 548 U.S. 81, 85 (2006). The Court further explained that proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Id. at 90. Thus, exhaustion is mandatory, and unexhausted claims cannot be litigated in federal court. Jones v. Bock, 549 U.S. 199, 211 (2007). Consequently, a prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a)

4

by exhausting his remedies during the course of litigation; exhaustion must occur prior to the filing of the lawsuit, or the case must be dismissed. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (The PLRA requires that "prisoners . . . exhaust such administrative remedies as are available prior to filing suit in federal court."); Green v. Rubenstein, 644 F. Supp. 2d 723, 743 (S.D. W.Va. 2009) ("The plain language of the statute [] makes exhaustion a precondition to filing an action in federal Court . . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.") (quoting Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

North Carolina prisoners can satisfy the exhaustion requirement by completing all three of the steps of the inmate grievance process, which culminate in the rendering of a decision upon the prisoner's appeal by the North Carolina Inmate Grievance Resolution Board. (Doc. No. 21-2: Copy of North Carolina Department of Corrections, Division of Prisons' Administrative Remedy Procedure, Policy .0310 (explaining three-step grievance procedure)). In this case, Plaintiff filed his Complaint on May 8, 2009. (Doc. No. 1). However, two documents that Defendants attached to their Motion to Dismiss reflect that the Inmate Grievance Board did not render a final decision on his administrative appeal until May 19, 2009 – that is, 11 days after Plaintiff filed this federal action. (Doc. No. 21-1 at 1-6). Inasmuch as those two documents relate to Plaintiff's ability to bring this action, the Court finds that Defendants' attachments are integral to the Complaint. Furthermore, Plaintiff does not contest the authenticity of those documents. Thus, on this record, it is apparent that Plaintiff's administrative remedies were not fully exhausted at the time that he filed this action. Ultimately, because Plaintiff failed to exhaust his administrative remedies before filing this case, his Complaint must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 21) is **GRANTED**;

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice for his failure fully to exhaust his administrative remedies before filing this action; and

3. The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**SO ORDERED.**

Signed: February 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge